505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM & WATKINS LLP

August 2, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *Leifer v. Live Nation Entertainment, Inc. et al.*, **Case No. 1:24-cv-03994-AS-SLC and** *Stevens v. Live Nation Entertainment, Inc. et al*, **Case No. 1:24-cv-04106-AS-SLC:** **Defendants' Unopposed Letter-Motion to Stay Upcoming Deadlines**

Dear Judge Subramanian:

Pursuant to Rule 3.E. of Your Honor's Individual Practices in Civil Cases, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") respectfully request that the Court stay all upcoming deadlines in the above-captioned related cases in light of a forthcoming motion to consolidate them. Plaintiff Abraham Leifer and Plaintiff Tamara Stevens have indicated that they do not oppose this motion.

In support of this request, Defendants state as follows:

Plaintiff Leifer filed his complaint on May 23, 2024. *Leifer* ECF No. 1. On June 18, 2024, Defendants filed a Letter Motion for Extension of Time to File a Responsive Pleading or Motion in Response to the Class Action Complaint. *Leifer* ECF No. 15. The Court granted that Letter Motion on June 20, 2024, extending Defendants' deadline to respond or move in response by 45 days, to August 9, 2024. *Leifer* ECF No. 19. The same order also provided for an extended briefing schedule, allowing 45 days for Plaintiff to respond to any motion in response to the complaint (or motion to compel arbitration) and providing 21 days after that for Defendants to file a reply. *Id*. This is the only prior adjournment or extension sought or granted in this case.

Plaintiff Stevens filed her complaint on May 29, 2024 and identified her case as related to *Leifer*. *Stevens* ECF Nos. 1, 3. Defendants agreed to waive service of the complaint, and responses to the complaint are currently due on September 6, 2024. *Stevens* ECF Nos. 13, 14. The parties have not sought any adjournments or extensions of time.

The parties in both cases are scheduled to appear before the Court for an Initial Pretrial Conference on September 6, 2024 at 11:00 AM.

LATHAM&WATKINS LLP

On July 23, 2024, counsel for Defendants learned from counsel for plaintiff in *Stevens* that plaintiff Stevens intends to move for appointment of interim class counsel and to consolidate the *Leifer* and *Stevens* cases. Counsel for Defendants indicated that Defendants would not oppose consolidation provided that plaintiffs in *Stevens* and *Leifer* agreed that (1) any motion to compel arbitration of plaintiffs' claims will be due 60 days after the filing of a consolidated complaint (provided, however, that if the consolidated complaint adds additional named plaintiffs, then the parties will meet and confer on an appropriate deadline for the motion to compel arbitration), and (2) any motion to dismiss or answer will be due 60 days after any ruling on the motion to compel arbitration. Plaintiffs in both *Leifer* and *Stevens* agreed to this proposed schedule, and have noted that they anticipate filing the motion for consolidation by August 16, 2024.

By staying upcoming deadlines until after the resolution of the forthcoming consolidation motion, the Court would save the parties significant expense and promote judicial economy. It would be inefficient to engage in pleadings motion practice before consolidation is resolved. Courts have broad authority to control their dockets and Courts in this district often recognize the important role of judicial economy in guiding similar decisions regarding stays and extensions. *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) (noting that "considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary"); *see also Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) ("[A] district court possesses inherent authority to control the disposition of the causes on its docket and has power to stay an action as an incident of that authority[.]") (citation and quotations omitted).

The parties in both of the above-captioned cases have agreed to stay all upcoming deadlines in this case pending consolidation, and neither party will be prejudiced by a stay. Accordingly, Defendants respectfully request that the Court stay all upcoming deadlines in these cases pending the forthcoming motion to consolidate.

Respectfully submitted,

By: /s/ *Timothy L. O'Mara*
Timothy L. O'Mara (*pro hac vice* pending)
*Lead Trial Counsel*
Of LATHAM & WATKINS LLP
*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc:     All Counsel of Record (via ECF)

Application GRANTED. Plaintiff should file their motion to consolidate by August 16, 2024, and the Court will adopt the parties' proposed deadlines. The initial pretrial conference is adjourned *sine die*. The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 5, 2024