quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**georgephillips@quinnemanuel.com**

March 6, 2026

**Via CM/ECF & Email**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007-1312
SubramanianNYSDChambers@nysd.uscourts.gov

    Re:    *United States, et al. v. Live Nation Entm't, Inc., et al.*, No. 1:24-cv-3973 (AS)

Dear Judge Subramanian:

    I write on behalf of non-party LA Clippers LLC (the "Clippers") pursuant to Rule 11(B)-(C) of the Court's Individual Practices in Civil Cases, Section XV of the Pretrial Order (ECF Nos. 1031, 1053), and Paragraph 10 of the Court's order following the pretrial conference (ECF No. 1086), to request that **PX0215** and **PX1065** (JX1205), which the parties propose to use soon at trial, either remain under seal or be redacted consistent with the Court's instructions. We are publicly filing this letter motion on the docket per the instructions that the Court gave the morning of March 6, 2026.

    PX0215 and PX1065 are the same email chain reflecting negotiations between the Clippers and Tixr Inc. regarding ticketing services for the Intuit Dome and Kia Forum (venues the Clippers operate) and attaching Tixr's "final and best offer" tailored to the Clippers. The negotiation emails and attachment reflect specific transaction terms that the Clippers sought from a ticketing vendor.

    Enclosed with this letter motion are the Clippers' proposed redactions to PX0215 and PX1065, submitted under seal to the Court and parties' counsel via email on March 5. The Clippers also transmitted their proposed redactions to these exhibits—which are narrower than the redactions previously proposed—to the parties on March 5. Counsel for Defendants stated that they do not oppose the proposed redactions. Counsel for Plaintiffs did not state their position as of this filing.

    Consistent with the Court's pretrial instructions, PX0215 and PX1065 should be sealed or at least redacted for several reasons, including because they contain: (1) personally identifiable information, such as email addresses and phone numbers; (2) specific identifying information regarding future transactions; (3) non-public figures regarding future prices, costs, or margins; and (4) the Clippers' sensitive and confidential business deliberations and strategies. As explained below, all these categories of information should remain under seal or be redacted.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

For starters, the Clippers' proposed redactions to PX0215 and PX1065 include material that the Pretrial Order determined may be presumptively redacted. Pages -5015 to -5017 include PII, such as "personal email addresses" and "phone numbers." ECF No. 1031 at 28. Pages -5028 to -5030 include "[c]urrent or future non-public figures regarding prices, costs or margins." ECF No. 1031 at 29. And page -5033 discusses potential future investment opportunities. ECF No. 1031 at 29. All this information should at minimum be redacted.

Furthermore, PX0215 and PX1065 should remain under seal, or at least be submitted with the Clippers' proposed redactions, pursuant to the framework set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Even if these exhibits might be judicial documents subject to a presumption of public access if used at trial, the "weight of that presumption" is overcome by "competing considerations," *id.*—namely, protecting the Clippers' competitive standing. "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). That is why courts routinely recognize that sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g.*, *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *5-6 (S.D.N.Y. June 17, 2020). These concerns are heightened when (as here) a *non-party's* confidential business information is at issue. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("privacy interests of innocent third parties should weigh heavily in a court's balancing equation" (cleaned up)).

That is precisely the case here. PX0215 and PX1065 discuss and contain a 16-page presentation detailing a "final and best offer" from a vendor specifically tailored to the Clippers. Public disclosure of "responses to various requests for proposals and requests for information" thus would reveal the Clippers' "competitive bidding practices and strategies." *Locus Techs.*, 2024 WL 5103334 at *2-3. PX0215 and PX1065 should therefore be placed under seal or submitted with the proposed redactions. The Clippers should not be competitively disadvantaged as a non-party just because they and their confidential business information were dragged into this trial.

The Clippers are available to discuss this request the morning of the March 6 trial date.

Respectfully submitted,

/s/ George T. Phillips

George T. Phillips

*Counsel for Non-Party LA Clippers LLC*

Enclosures: PX0215 and PX1065 with proposed redactions (under seal, via email)

cc: Counsel of Record (via CM/ECF and email)